# UNITED STATES DISTRICT COURT
for
## NORTHERN DISTRICT OF TEXAS

## Petition for Offender Under Supervision

**FILED**
OCT - 9 2019
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| Name of Offender: Adan Hexiquio Barajas<br>aka: Adan Hexiquio Barajas De Anda | Case No.: 2:09-CR-088-Z(01) |

Name of Sentencing Judge: Sr. U.S. District Judge Mary Lou Robinson (Pursuant to Special Order 3-327, Reassigned to U.S. District Judge Matthew J. Kacsmaryk on August 1, 2019)

Date of Original Sentence: March 5, 2010

Original Offense: Possession With Intent to Distribute Cocaine and Aiding and Abetting, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2

Original Sentence: 130 months custody, 5-year term of supervised release

Sentence Reduction: 11/06/2015: Reduced to 120 months custody

Detainers: None

U.S. Marshals No.: 37840-177

Type of Supervision: Supervised Release    Date Supervision Commenced: June 7, 2019

Assistant U.S. Attorney: Matthew J. Gulde    Defense Attorney: William Kent Paschal
(Retained)

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

### I.

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive us of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 3**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse, The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $5.00 per month.

12C (Revised 1/19/2018)    Page 1 of 4

## Nature of Noncompliance

Adan Hexiquio Barajas violated these conditions of supervised release by using methamphetamine, an illegal controlled substance, in or about September 2019. On September 10, 2019, Mr. Barajas submitted a urine specimen which tested positive for methamphetamine. On September 18, 2019, Mr. Barajas admitted verbally to U.S. Probation Officer Keyonna Stanford (USPO Stanford) that he used methamphetamine on September 10, 2019. Alere Laboratory tests confirmed the positive test for methamphetamine.

Mr. Barajas also failed to submit urinalysis specimens to the designated vendor on June 21 and October 2, 2019.

## Violation of Standard Condition No. 6

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

## Nature of Noncompliance

Mr. Barajas violated this condition by leaving his residence without any forwarding address on or about September 20, 2019. His current whereabouts are unknown.

### Personal History

Adan Hexiquio Barajas commenced his term of supervised release in the Southern District of California on June 7, 2019. He was immediately enrolled into their drug testing program and on June 21, 2019, he failed to report for the first sample collection. When questioned about the failure to appear for testing, he informed his probation officer that he lost his paperwork with the number to call for drug testing. On September 18, 2019, after submitting a positive urine specimen, he admitted to his probation officer that he had used methamphetamine. He was instructed to report back to the probation office on September 20, 2019 and did not comply.

On September 24, 2019, USPO Stanford attempted to visit him at his residence but was informed by his mother that Mr. Barajas left the residence on September 20, 2019 and has not returned. His mother also expressed that he was hearing voices and the voices were telling him what to do.

During the short period of supervision, Mr. Barajas was unemployed. He advised USPO Stanford that his mental health provider declared him disabled. Based on the nature of his violations and absconder status, a Petition for Offender Under Supervision is being submitted to the Court for revocation proceedings.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 5 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | At least 5 years up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence...The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'"  Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §§ 7B1.1(a)(3) and 7B1.3(a)(2) & (c)(1), p.s. |
| **Criminal History Category:** | III | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 30 to 37 months | USSG §7B1.4(a)(2), p.s. |
| **Fine:** | None | |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on October 9, 2019                    Approved,
Respectfully submitted,

*Teresa Perez*                                 *William Cruz*
_____                    _____
Teresa Perez                                   William Cruz
U.S. Probation Officer                         Supervising U.S. Probation Officer
Amarillo                                       Phone: 806-337-1751
Phone: 806-337-1755
Fax: 806-324-2125

---

**Order of the Court:**

☐   No action.

☒   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of
record until arrest effectuated.

☐   The Issuance of a Summons

☐   Other or Additional:

_____

_____

☐   File under seal until further order of the Court.

_____
The Honorable Matthew J. Kacsmaryk
U.S. District Judge

_____ October 9, 2019
Date